IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| April Bryson, | ) |
|             Plaintiff, | ) Civil Action No. 8:09-321-HMH-BHH |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Mau, Inc., | ) **OF MAGISTRATE JUDGE** |
|             Defendant. | ) |

This matter is before the Court on the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 5.] In her Amended Complaint, the plaintiff alleges a discriminatory failure to hire claim, pursuant to the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.,* as amended, based on a pregnant condition. [Doc. 10.] In her original Complaint, the plaintiff had pled claims, pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, for sexual harassment and a hostile work environment. [Doc. 1, Attach. 1.]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should

view the complaint in a light most favorable to the plaintiff.  *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

## DISCUSSION

The defendant has moved to dismiss the plaintiff's Complaint, alleging that the plaintiff has failed to exhaust her administrative remedies for the claims alleged.  It is rudimentary that before a plaintiff may file suit under Title VII, she is required to file a charge of discrimination with the EEOC.  *See* 42 U.S.C. § 2000e-5(e)(1)*; Evans v. Technologies Application & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996)).  In this case, it is undisputed that the plaintiff's original Complaint [Doc. 1, Attach. 1], contains claims, pursuant to Title VII, for unlawful *sexual harassment* and a *hostile work environment*.  The defendant argues that neither of the plaintiff's previously filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") set forth allegations of sexual harassment or hostile work environment, as now alleged in her original Complaint.  (See Def. Mot., Exs. 1 & 2.)  Instead, those administrative charges concerned allegations of a discriminatory failure to hire on the basis of the plaintiff's pregnancy, pursuant to Title VII, and included an Americans With Disabilities Act ("ADA") claim.  *Id*.  The defendant contends, therefore, that the plaintiff's Complaint for sexual harassment and hostile work environment must be dismissed.

The plaintiff has not filed any response but has, instead, filed an Amended Complaint. [Doc. 10.]  The Amended Complaint contains averments related to allegations of a discriminatory failure to hire based on the plaintiff's pregnancy, among other allegations.  [See Compl. ¶ 7.]  As far as the Court can tell, the Amended Complaint does not contain any allegations related to sexual harassment or a hostile work environment.  In other words, the plaintiff has amended the Complaint in such a way as to track the allegations of her previously filed administrative charges.

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).  By the phrase "responsive pleading," the rule contemplates a substantive response to the allegations in the complaint. A motion to dismiss, for example, does not cut off a plaintiff's right to amend without leave of court.  *See St. John v. Moore*, 1998 WL 71516, at *1 (4th Cir. February 23, 1998) (motion to dismiss does not qualify as responsive pleading for Rule 15 purposes).   This is true, even though the case has been removed.  *See, e.g., Harris v. Archer Daniels Midland Co.*, 2006 WL 963551, at *3 (D. Kan. April 13, 2006) ("Similarly, the removal petition did not serve to cut off plaintiffs' right to amend their complaint once as a matter of course.")

Because the defendant had not filed a responsive pleading as of the time the plaintiff amended her Complaint, but only a motion to dismiss, entitlement to amend is "not a matter of the court's discretion."  *St. John*, 1998 WL 71516, at *1.

Accordingly, the plaintiff's amendment was effective and has rendered the plaintiff's claims unobjectionable, at least to the extent alleged by the defendant in its motion.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendant's motion to dismiss should be DENIED.

s/Bruce H. Hendricks
United States Magistrate Judge

February 27, 2009
Greenville, South Carolina